[Civ. No. 921.  Second Appellate District.—February 16, 1911.]

HENRY W. AVERY, Respondent, v. J. F. CULLEN, Appellant.

SALE OF MINING STOCK—CONTRACT OF VENDOR TO REPURCHASE—DISSATISFACTION—SUFFICIENCY OF COMPLAINT AND FINDINGS.—In an action on a contract to repurchase mining stock sold by defendant to plaintiff and his assignor within eighteen months, upon their expressing dissatisfaction with the purchase within that period, and to repay the purchase price with interest at the rate of ten per cent per annum, where the complaint sets forth the contract, and alleges that before the expiration of eighteen months plaintiff and his assignor did become dissatisfied with the stock purchased and notified defendant of that fact, and alleged that the stock of the mining company was wholly valueless, it sets forth a sufficient cause of action, and findings based upon the truth of the averments of the complaint are sufficient to support a judgment against the defendant for the agreed amount.

ID.—AVERMENT AND FINDING OF TENDER OF STOCK AND DEMAND AFTER END OF PERIOD—CAUSE OF ACTION ARISING UPON DISSATISFACTION EXPRESSED.—Although it is alleged and found that the stock was not tendered back nor repayment of the money demanded until after the expiration of eighteen months from the date of the sales, yet the agreement having been to repurchase when the purchasers became dissatisfied with the stock, upon the giving of their notice of such dissatisfaction the cause of action then arose, and defendant then became immediately liable for the money he had agreed to pay in that event.

ID.—FINDINGS — DISSUASION BY DEFENDANT — WAIVER OF TIME OF TENDER.—Where the facts as found by the court show that the

failure of plaintiff and his assignor to insist upon the repayment of the purchase price and interest within the eighteen months was due to the acts of defendant in persuading them not to do so, and this being true, defendant could not refuse to comply with the terms of his agreement to repurchase, on the ground that the tender of the stock was not made in time.

ID.—RESCISSION OF PURCHASE—TENDER OF WORTHLESS STOCK NOT REQUIRED.—If the case is to be as one of rescission of the contracts of purchase of the stock, then no tender of the stock found by the court to be valueless and never to have had any value need be made. A party rescinding is only required to tender back things received by him which are of value.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Henry W. Nisbet, for Appellant.

Watkins & Blodget, for Respondent.

JAMES, J.—Defendant has appealed from a judgment entered against him for the sum of $2,250, as principal and $630 interest. Three causes of action were alleged in plaintiff's complaint, each of which grew out of the purchase from defendant of shares of stock in a corporation called the Pittsburg Placer Mining and Milling Company. On the ninth day of October, 1906, plaintiff purchased five hundred shares of that stock from defendant, and on the 11th of October following he purchased fifteen hundred additional shares, paying for all of the stock at the rate of fifty cents per share. On September 18, 1906, one Georgiana Avery purchased two thousand five hundred shares of the stock of the same company from the defendant, and she thereafter assigned to the plaintiff her right of action against defendant, which is made the subject of the third count of plaintiff's complaint. At the time the sales of the several parcels of stock were made, defendant, in consideration thereof, executed a written contract, by the terms of which he agreed to repurchase the stock within eighteen months, in the event the plaintiff or Georgiana Avery became dissatisfied therewith,

and to repay the amount of the purchase price, together with interest at the rate of ten per cent per annum. It is alleged in the complaint that before the expiration of eighteen months the plaintiff and his assignor did become dissatisfied with the stock purchased and gave notice to defendant of that fact. It is further alleged that the stock of the Pittsburg Placer Mining and Milling Company never had any value whatsoever. In the findings of the court these allegations of fact are determined to be true, and judgment was entered in favor of plaintiff as indicated. The record on appeal consists of the judgment-roll only, and appellant has filed no brief presenting any of the grounds upon which he relies for reversal. We have examined the findings, however, and are of the opinion that they fully support the judgment as made by the trial court. It is true that it was alleged by plaintiff and found by the court that the stock was not tendered back to defendant by the plaintiff and his assignor and repayment of the money agreed to be paid demanded until the twenty-ninth day of October, 1908, which was after the expiration of the eighteen months from the date of the several sales. The agreement of defendant was to repurchase the stock "providing the said H. W. Avery (or Georgiana Avery) becomes dissatisfied with said stock." Upon the giving of the notice to defendant by the purchasers of their dissatisfaction with the stock, defendant became immediately liable for the payment of the money he had agreed to pay in that event. (*Gay* v. *Dare,* 103 Cal. 454, [37 Pac. 466].) The facts as found by the court show that the failure of plaintiff and his assignor to insist upon the repayment of the purchase price and interest within the eighteen months was due to the acts of defendant in persuading them not to do so. This being true, defendant could not refuse to comply with the terms of his agreement to repurchase on the ground that the tender of the stock was not made in time. (*Pierce* v. *Lukens,* 144 Cal. 397, [77 Pac. 996].) If the case is to be viewed as one for rescission, then no tender of the stock by plaintiff to defendant was necessary, as the court found that the stock was valueless and that it had never had any value. A party rescinding is only required to tender back

those things received by him which are of value.    (Civ. Code, sec. 1691.)

The judgment as rendered is fully sustained by the findings, and it is affirmed.

Allen, P. J., and Shaw, J., concurred.